UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAD DWIGHT PEETE,

        Petitioner,               Case Number: 2:07-CV-10347

v.                                     HONORABLE GERALD E. ROSEN

RAYMOND D. BOOKER,

        Respondent.
_____/

### OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Lad Dwight Peete, presently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a "Motion to Defer Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, and/or to Close the Case Administratively Pending Disposition of Exhausting State Court Remedies and, of Related Civil Action." Pleadings filed by prisoners who do not have access to counsel must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In this case, construing the papers filed by Petitioner liberally, the Court finds that Petitioner intended to file a habeas petition *and* a motion asking the Court to defer consideration of the petition, not just a motion to defer as the title to Petitioner's papers implies. The Court bases this conclusion both on the content of the papers and the filing by Petitioner of the $5.00 filing fee applicable to habeas petitions.

I.

Petitioner pleaded guilty in Wayne County Circuit Court to two counts of first-degree criminal sexual conduct, one count of unarmed robbery, and one count of breaking and entering

with intent to commit larceny. On March 19, 1979, Petitioner was sentenced to life imprisonment for the criminal sexual conduct convictions and ten-to-fifteen years imprisonment for the unarmed robbery and breaking and entering convictions, all to be served concurrently.

Petitioner filed an appeal of right in the Michigan Court of Appeals, which affirmed the criminal sexual conduct and breaking and entering convictions, but vacated the conviction for unarmed robbery. People v. Peete, 102 Mich. App. 34 (Mich. Ct. App. 1980). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. People v. Peete, No. 66270 (Mich. June 4, 1981).

In 1987, Petitioner filed a motion to set aside his convictions. Following an evidentiary hearing, the trial court denied the motion. Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. People v. Peete, No. 106192 (Mich. Ct. App. Aug. 9, 1988); People v. Peete, No. 84053 (Mich. Feb. 28, 1989).

On March 11, 1991, Petitioner filed his first habeas corpus petition. The petition was dismissed without prejudice because Petitioner had not yet exhausted state court remedies for his ineffective assistance of counsel claim. Peete v. Overton, No. 91-cv-10069-BC (E.D. Mich. Sept. 17, 1992).

Petitioner returned to state court in 1993 to file a post-conviction motion raising the ineffective assistance of counsel claim. The trial court denied the motion, and leave to appeal was subsequently denied by both Michigan appellate courts. People v. Peete, No. 177868 (Mich. Ct. App. Oct. 25, 1994); People v. Peete, 448 Mich. 943 (1995) (table).

On September 26, 1996, Petitioner filed another habeas corpus petition. That petition

was assigned to the Honorable Robert H. Cleland. The Court denied the petition, holding that the claims lacked merit and/or were procedurally defaulted. Peete v. Stegall, No. 96-cv-10427 (E.D. Mich. Nov. 7, 1997) (Cleland, J.).

## II.

Petitioner already has filed two petitions for a writ of habeas corpus challenging the convictions challenged in the present petition. 28 U.S.C. § 2244(b)(3)(A) provides, in pertinent part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

Petitioner's first habeas corpus petition, which was dismissed for failure to exhaust state court remedies, was not a dismissal on the merits. However, his second habeas corpus petition was denied on the merits. Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). The Court must transfer the petition regardless of the apparent merits of the claims presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the court of appeals. Id.

III.

The Court lacks jurisdiction over this successive petition for writ of habeas corpus, 28 U.S.C. §2244(b)(3), and the matter must be transferred to the Court of Appeals.

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the petition to the United States Court of Appeals for the Sixth Circuit.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  March 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 2, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager